MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Willie Jackson was convicted in the Circuit Court of Oktibbeha County of sale of cocaine. The trial court sentenced Jackson as a habitual offender to thirty years in the custody of the Mississippi Department of Corrections, without eligibility for parole or probation. Aggrieved, Jackson appeals, arguing that his conviction resulted from prosecutorial misconduct. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶2. At trial, the State produced the testimony of Kimberly Henderson, a civil
 
 *588
 
 ian informant. Henderson testified that, on January 4, 2007, Jackson telephoned her and offered to sell crack cocaine to her. She then contacted the Tri-County Narcotics Task Force, which arranged a controlled buy. Henderson and her vehicle were searched, and Henderson’s vehicle was outfitted with audio and video recording equipment. She was then given $40 with which to purchase the drugs.
 

 ¶ 3. After the preparations for the controlled buy were concluded, Henderson called Jackson and arranged to purchase $40 worth of crack cocaine at McKee Park in Starkville, Mississippi. During the buy, she was monitored and followed at a distance by two agents from the Tri-County Narcotics Task Force.
 

 ¶4. Henderson drove to McKee Park, but she was unable to locate Jackson there. A few minutes later, Jackson phoned Henderson and told her that he was unwilling to meet at McKee Park, suggesting they meet at the nearby Fern-dale Apartments. When she arrived at that location, she saw Jackson standing outside. He got into Henderson’s vehicle and offered her an unwrapped “crack rock.” Henderson accepted it and handed Jackson the $40 in exchange. As he was exiting her vehicle, Jackson asked Henderson whether she wanted any “blow,” or powder cocaine. Henderson stated that she did not, at this time, but she asked whether Jackson could obtain “some rolls,” which she later testified was a street name for the drug ecstasy. After Jackson agreed to sell her some of the “yellow ones,” he left. Henderson then placed the “crack rock” into an evidence bag and returned to the Tri-County Narcotics Task Force headquarters, where she handed the bag over to Agent Gus McKay. Henderson identified Jackson in court as the man who had sold her the cocaine.
 

 ¶ 5. Agent McKay testified, corroborating Henderson’s account, and the State established through the testimony of a lab technician that the substance obtained from Jackson had been tested and verified to contain 0.051 gram of cocaine base. Two videotaped recordings of the drug buy, taken from different angles, were introduced into evidence and played for the jury-
 

 ¶ 6. The defense put on no witnesses, and Jackson was subsequently convicted. On appeal, Jackson argues that the jury’s verdict resulted from prosecutorial misconduct in the form of repeated references to the harmful effects of drugs in the community.
 

 PROSECUTORIAL MISCONDUCT
 

 ¶ 7. Jackson cites numerous actions by the State through the course of the trial that he argues advanced a “theme theory” of the case — the drug problem in our society — which inflamed the passions of the jury and influenced the verdict in this case.
 

 ¶ 8. Attorneys are allowed wide latitude in arguing their cases to the jury, but “prosecutors are not permitted to use tactics which are inflammatory, highly prejudicial, or reasonably calculated to unduly influence the jury.”
 
 Sheppard v. State,
 
 777 So.2d 659, 661(¶ 7) (Miss.2000). On appeal, we review comments to determine “whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created.”
 
 Id.
 
 Furthermore, in closing arguments, counsel “cannot ... state facts which are not in evidence, and which the court does not judicially know, in aid of his evidence. Neither can he appeal to the prejudice of men by injecting prejudices not contained in some source of the evidence.”
 
 Id.
 
 (quoting
 
 Williams v. State,
 
 445 So.2d 798, 809 (Miss.1984)).
 

 
 *589
 
 ¶ 9. Jackson cites numerous actions of the prosecutor that he argues developed this “theme theory” of the case: questioning during voir dire regarding the venire’s perceptions of the drug problem, detailed testimony elicited regarding the purpose and procedures of the Tri-County Narcotics Task Force, Henderson’s admission of her prior drug abuse and her elaboration regarding its harmful impact on her life, and the prosecutor’s closing-statement illustrations urging the jury to convict notwithstanding the small quantity of drugs involved.
 

 ¶ 10. Only two of the actions cited by Jackson were objected to at trial, and although both objections cited specific grounds, neither objection cited the grounds Jackson argues on appeal. Accordingly, we find that this issue has not been preserved for appeal and is barred from our review.
 
 Jones v. State,
 
 856 So.2d 389, 394(¶ 10) (Miss.Ct.App.2003).
 

 ¶ 11. Notwithstanding the procedural bar, we find that the jury’s verdict likely was not influenced by any prejudice that might have resulted from the State’s brief discussions of the broader societal harms caused by drug use. Even assuming the evidence and comments were improper, we find that the error was harmless in light of the overwhelming evidence against Jackson.
 
 Echols v. State,
 
 759 So.2d 495, 498(¶ 13) (Miss.Ct.App.2000).
 
 See also Jones v. State,
 
 841 So.2d 115, 140(¶ 83) (Miss.2003). This issue is without merit.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.